IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| WILLIAM RIVERA-FLORES,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 2:24-CV-270-Z<br>(2:20-CR-004-Z-BR) |

**MEMORANDUM OPINION AND ORDER**

Petitioner William Rivera-Flores ("Rivera-Flores") filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255 ("Motion"). ECF No. 2. For the reasons stated below, the Motion is **DENIED**.

**BACKGROUND**

The record in Rivera-Flores' underlying criminal case, No. 2:20-cr-004-Z-BR (the "CR"), reflects the following:

On August 13, 2020, Rivera-Flores pleaded guilty to one count of Possession with Intent to Distribute Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. Sections 841(a)(1) and (b)(1)(C), and 18 U.S.C. Section 2. CR ECF No. 67. On December 17, 2020, Rivera-Flores was sentenced to 72 months in prison, followed by one year of supervised release. CR ECF No. 85. He did not appeal.

Rivera-Flores' *pro se* Motion to Vacate was received by the Court on December 31, 2024. CR ECF No. 103. In the Motion, he claims that his attorney was ineffective because the attorney half-heartedly defended him, and failed to (1) make proper objections, (2) move to dismiss the indictment, (3) explain the consequences of his guilty plea, (4) explain the immigration

consequences of a guilty plea, and (5) explain possible appellate issues. He further complains that he received a sentence different than counsel told him to expect. *Id.* Because Rivera-Flores' Section 2255 motion appears untimely, the Court directed him to respond by February 6, 2025, regarding application of the one-year limitations period. Rivera-Flores failed to respond. After a review of the relevant pleadings and law, the Court concludes that Rivera-Flores' Section 2255 motion is barred by limitations and should be dismissed.

### LEGAL ANALYSIS

### I. Statute of Limitations

A motion under Section 2255 is subject to a one-year limitation period, which begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Rivera-Flores does not allege any facts that could trigger a start date under Sections 2255(f)(2)-(4), so the limitations period began to run when his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). Rivera-Flores did not file a direct appeal, so for his Section 2255 motion to have been timely under Section 2255(f)(1), he must have filed the motion

no later than December 31, 2021.[1] *See United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) (holding that a conviction becomes final for Section 2255 purposes at the expiration of the direct appeal process). Pursuant to the prison mailbox rule, Rivera-Flores filed his Section 2255 motion on December 5, 2024, at the earliest, so it is untimely in the absence of equitable tolling.[2]

## II. Equitable Tolling.

The statute of limitations can be tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (internal quotation marks omitted). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1996). A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quity is not intended for those who sleep on their rights." *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). The movant bears the burden of showing his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Rivera-Flores has presented no facts suggesting that he diligently pursued his rights or that

---

[1] Rivera-Flores' conviction became final after expiration of his deadline to file notice of appeal with the Fifth Circuit Court of Appeals.

[2] Rivera-Flores does not argue actual innocence, which is another basis that can be used to override the statute of limitations. *See, e.g., McQuiggin v. Perkins*, 569 U.S. 383 (2013).

some extraordinary circumstance prevented him from timely filing his Section 2255 motion. In response to Question Number 18 on the Section 2255 form, which asked him to address the timeliness of his Motion, he merely states that "this motion is timely" without elaboration or support. ECF No. 2 at 11. On this record, Rivera-Flores has not met his burden to establish that equitable tolling is warranted. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

CONCLUSION

For the foregoing reasons, Rivera-Flores' motion to vacate sentence under 28 U.S.C. Section 2255 is **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(b) of the Rules Governing § 2255 Proceedings.

**SO ORDERED.**

February 26, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4